**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JERRY L. SKIPPER, | : | |
| Inmate No. 1306774, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-1788-RWS-JSA |
| BRUCE LEE, | : | |
|     Respondent. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Petitioner Jerry L. Skipper seeks via 28 U.S.C. § 2254 to challenge the constitutionality of his convictions and sentences following a guilty plea in the Rockdale County Superior Court. The matter is presently before the Court on the petition [Doc. 1] and the answer-response with brief and accompanying exhibits [Docs. 4, 6, 7].

I.    Procedural History

On November 4, 2008, a Rockdale County grand jury indicted Petitioner for criminal attempt to commit armed robbery, armed robbery, three counts of aggravated assault, kidnapping, theft by taking, and two counts of possession of a firearm during the commission of a crime, in connection with three different incidents at the same Waffle House in Rockdale County. (Doc. 6, Attach. 6 at 43-

52).[1] Petitioner entered a guilty plea on April 17, 2009, to all of the charges except for the possession of firearm charges, and was sentenced to a net total of fifteen years of imprisonment to be followed by five years on probation. (Doc. 6, Attach. 6 at 53-58).

Petitioner filed a motion to modify his sentence on December 16, 2009, which was denied on January 20, 2010. (Doc. 6, Attach. 7 at 17-19). On February 19, 2010, Petitioner filed a motion to withdraw his plea, which was dismissed by the trial court on May 12, 2010, for lack of jurisdiction since it was filed outside the term of court in which Petitioner had entered his plea. (*Id.* at 20-25).

Petitioner filed a motion for an out-of-time appeal on May 6, 2010, which the trial court denied on September 22, 2010. (Doc. 6, Attach. 7 at 27-44, Attach. 8 at 1-32, Attach. 10 at 19-28). Petitioner filed a notice of appeal, and the Georgia Court of Appeals affirmed the trial court's ruling on June 22, 2011. (Doc. 6, Attach. 6 at 40); *Skipper v. State*, 712 S.E.2d 637 (2011).

Petitioner filed a state habeas petition on November 19, 2010, in the Rockdale County Superior Court, and raised the following claims:

_____

[1] All documents are referenced according to the attachment number and page numbers given by the Adobe File Reader linked to the Court's case file database ("CM/ECF").

2

(1)    Petitioner received ineffective assistance of counsel because counsel failed to investigate or prepare a defense;

(2)    Petitioner received ineffective assistance of counsel, because counsel misinformed Petitioner that if he went to trial the District Attorney would not let him sever Petitioner's trial from that of his co-conspirators and he would lose and die in prison, and that the judge would not let him enter a guilty plea because the judge was angry about Petitioner complaining about the trial court's treatment of him to the federal courts;

(3)    the trial court engaged in judicial misconduct because the trial court ignored Petitioner's complaints about counsel, misinformed Petitioner about his rights, was biased against Petitioner because Petitioner had filed a lawsuit in the federal courts and sentenced Petitioner to a harsher punishment based on that bias;

(4)    Petitioner received ineffective assistance of counsel because counsel represented two of Petitioner's co-defendants; and

(5)    Petitioner received ineffective assistance of counsel because counsel did not file a *Brady* motion for alleged exculpatory phone records.

(Doc. 6, Attach. 1, 2).  The state habeas petition was transferred to the Macon County Superior Court, which, following an evidentiary hearing on November 1, 2011, denied habeas relief to Petitioner on May 9, 2013.  (Doc. 6, Attach. 2).  The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal that denial on March 30, 2015.  (Doc. 6, Attach. 4).

3

Petitioner filed the instant federal petition on May 18, 2015, and raises the following claims herein:

(1)     Petitioner received ineffective assistance of counsel because counsel failed to investigate his case or prepare a defense;

(2)     Petitioner received ineffective assistance of counsel when counsel misinformed Petitioner that he was working on his case and interviewing Petitioner's alibi witnesses, yet he never did anything;

(3)     the trial court committed judicial misconduct by increasing Petitioner's sentence once the court discovered that Petitioner had gone to federal court concerning his mistreatment in the Rockdale County Superior Court; and

(4)     the prosecution committed a *Brady* violation because exculpatory evidence was used in Petitioner's case against him but was not disclosed during discovery.

(Doc. 1).

II.     Discussion

A.     Reviewable Claims

1.     Standard of Review

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law.  28 U.S.C. § 2254(a); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  This power, however,

4

is limited. *See Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (stating that Section 2254 "constrains our review of legal questions decided on the merits in state court").

A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(b); *see Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010); *Johnson v. Upton*, 615 F.3d 1318, 1329 (11th Cir. 2010).  "This is a 'difficult to meet,'... and 'highly deferential standard for evaluating state-court rulings, which demands that state court decisions be given the benefit of the doubt[.]'" *Cullen*, 131 S. Ct. at 1398 (citations omitted); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010).

In applying 28 U.S.C. § 2254(d), a federal habeas court must first determine the applicable "clearly established Federal law," based on "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 404-05, 412

5

(2000). Next, the Court must ascertain whether the state court decision is "contrary to" that clearly established federal law by determining if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable" from relevant Supreme Court precedent and arrives at an opposite result. *Id.* at 405-06; *see also Windom v. Secretary, Dep't of Corr.*, 578 F.3d 1227, 1247 (11th Cir. 2009).

If the Court determines that the state court decision is not contrary to clearly established federal law, the Court must decide whether the state court decision was an "unreasonable application" of clearly established federal law by concluding whether the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the petitioner's case. *Williams*, 529 U.S. at 412; *Windom*, 578 F.3d at 1247. This reasonableness determination is objective, and the Court may not issue a federal writ of habeas corpus simply because it concludes in its independent judgment that the state court was erroneous or incorrect. *Williams*, 529 U.S. at 411; *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Valle v. Secretary for Dep't of Corr.*, 478 F.3d 1326, 1327 (11th Cir. 2007) (en banc). In other words, it does not matter that the state court's application of clearly established federal law was

6

incorrect, so long as that misapplication was objectively reasonable. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.") (quotations omitted); *accord*, *Woodford*, 537 U.S. at 26; *Williams*, 529 U.S. at 411; *McIntyre v. Williams*, 216 F.3d 1254, 1257 n.4 (11th Cir. 2000).

Likewise, "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). When performing its review under § 2254(d), the Court must presume that the state court's determination of factual issues is correct unless the petitioner presents clear and convincing evidence that the state court determinations were erroneous. 28 U.S.C. § 2254(e)(1); *Windom*, 578 F.3d at 1247.

In this case, Petitioner has not demonstrated with clear and convincing evidence that any of the state habeas court's factual findings were erroneous. Thus, the state habeas court's findings of fact are presumed to be correct in connection with all of Petitioner's claims.

7

2.   Petitioner Has Failed To Demonstrate Ineffective Assistance of Counsel.

a.   Ineffective Assistance Of Counsel Standard

The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson*, 595 F.3d 1245, 1239 (11th Cir. 2010). "An ineffective assistance claim has two components:  A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687).  To establish deficiency, a petitioner is required to establish that "counsel's representation 'fell below an objective standard of reasonableness[.] . . .'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688).  To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Allen v. Secretary, Fla. Dep't of Corr.*, 611 F.3d 740, 750 (11th Cir. 2010).  The court may "dispose of [the] ineffectiveness [claim] on either of its two grounds." *Atkins v. Singletary*, 965 F. 2d 952, 959 (11th Cir. 1992); *see Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to

address both components of the inquiry if the defendant makes an insufficient showing on one.").

*Strickland*'s two-pronged test applies to counsel's representation of a defendant in connection with a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Petitioner must show that his "counsel's constitutionally ineffective performance affected the outcome of the plea process[,]" *id.* at 59, by "convinc[ing] the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). *See also Jackson v. United States*, 463 F. App'x 833, 835 (11th Cir. 2012) ("If [the petitioner] cannot establish both that counsel misadvised him and that a decision not to plead guilty would have been rational, his claim that his guilty plea was not knowing and voluntary due to counsel's ineffectiveness will fail.").

        b.    <u>The State Habeas Court's Decision As To Ground One Is Entitled To Deference.</u>

Petitioner claims in Ground One that he received ineffective assistance of counsel because counsel failed to investigate his case or prepare for a defense. The state habeas court rejected Petitioner's claim under *Strickland* because counsel did, in fact, investigate Petitioner's case, and counsel's decision not to pursue an alibi

9

defense was reasonable strategy. (Doc. 6, Attach. 2 at 8). The court also found that Petitioner had not met his burden of demonstrating prejudice; *i.e.*, that but for counsel's errors Petitioner would not have entered a guilty plea. (*Id.*). The state habeas court's decision was neither contrary to, nor an unreasonable application of *Strickland* or *Hill*, *supra*. Nor was it based on an unreasonable application of the facts.

Indeed, at the evidentiary hearing, Petitioner called his father and sister who both testified that they would have been alibi witnesses for Petitioner but that Petitioner's attorney did not contact them. (Doc. 6, Attach. 5 at 3, 8-9, 19, 23).[2] Petitioner's attorney testified that he was a 1983 graduate of the University of Georgia School of Law, that from 1997 to the present he had served as chief public defender for Rockdale County, and that one hundred percent of his work as an attorney was in criminal law. (Doc. 6, Attach. 5 at 22). Petitioner's attorney also testified that: "he did a proper investigation, gave careful consideration to the lengthy confession to the authorities by petitioner, talked with witnesses, examined

---

[2] The actual transcript of the state habeas evidentiary hearing was destroyed in a fire at the court reporter's home office; however, the court conducted an additional evidentiary hearing in which the court created a transcript of the previous hearing from the parties' recollections and notes. (*See generally* Doc. 6, Attach. 4).

AO 72A
(Rev.8/82)

the scene of the alleged incident, and talked with the investigating officers" [Doc. 6, Attach. 5 at 20]; he would have been "ridiculed" had he filed a demurrer to the indictment; the ultimate decision to enter a guilty plea was Petitioner's [*Id.* at 22]; and although he was familiar with Petitioner's "family witnesses alibi defense," he thought it would be difficult to convince a jury of any such defense since both witnesses were family members , especially in light of the seriousness of the charges and the overwhelming evidence against Petitioner [*Id.*; Doc. 6, Attach. 2 at 8].

Trial counsel's decision with regard to whether to call alibi witnesses is "quintessential trial strategy." *Ball v. United States*, 271 F. App'x 880, 884 (11th Cir. 2008). And, as here, when those alibi witnesses are "close family members with a strong motive to fabricate an alibi defense[,]" any such alibi testimony "would not have been particularly compelling[.] . . ." *Id.* Thus, the state habeas court's conclusion based on *Strickland* and *Hall* – that Petitioner's counsel's decision not to present a "family witness alibi defense" was reasonable strategy – was not "contrary to, or involved an unreasonable application of, Supreme Court precedent" nor "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see*

11

*Berghuis*, 130 S. Ct. at 2259; *Johnson*, 615 F.3d at 1329.  Accordingly, Petitioner is not entitled to relief in connection with Ground One.

> 3.    Ground Three Also Is Entitled To Deference.

Petitioner claims in Ground Three that the trial court committed judicial misconduct by increasing his sentence once the court discovered that Petitioner had filed a lawsuit in federal court complaining about how he was treated in the trial court.  The state habeas court made the following findings of fact in connection with this claim:  (1) at the outset of the plea hearing, the State apprised the trial court that Petitioner would be entering an *Alford* plea,[3] and established a factual basis for the plea; (2) the state recommended an aggregate sentence of twenty-five years of imprisonment to serve twelve; (3) Petitioner's attorney told the court that Petitioner wanted to enter an *Alford* plea but that Petitioner also felt that his indictment was not in perfect form; (4) the trial court told Petitioner that the indictment question was a factual question for a jury, and advised Petitioner that he could to go to trial; (5) the trial court expressed concern that on the one hand Petitioner would receive an extremely favorable plea deal but at the same time

---

[3] An *Alford* plea occurs when a defendant permits judgment to be entered against him on an intelligent plea of guilty accompanied by a claim of innocence. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970).

12

would complain in federal court that he was being mistreated; (6) after a lunch break the State presented a revised negotiated plea agreement and recommendation of twenty years to do fifteen; (7) Petitioner confirmed that he was freely and voluntarily entering the plea; and (8) the trial court sentenced Petitioner to the negotiated sentence. (Doc. 6, Attach. 2 at 9-14).

The state habeas court rejected Petitioner's claim of judicial bias because: the trial court never indicated that it approved or disapproved of the terms of the original negotiated plea arrangement based on the fact that it was too lenient; the trial court did express concern that Petitioner appeared to be setting himself up to renege on the plea deal in the future even as he was in the act of entering the plea, which was reasonable since the inconsistency in Petitioner's positions was directly relevant to the trial court's obligation to assure itself that Petitioner's guilty plea was entered into freely and voluntarily, regardless of the terms, before the court would accept any such plea; there is no evidence in the record that the trial court called a recess due to Petitioner's pending *pro se* federal habeas petition; rather, the trial court called its usual lunch recess, and merely stated, "I will think about this over lunch;" when the Court reconvened the hearing after the lunch recess, the parties presented an entirely new negotiated plea agreement to the trial court,

13

AO 72A
(Rev.8/82)

which the trial court accepted, and the record is silent as to who initiated the new negotiated plea and why; and the record was clear that the Petitioner made the decision to enter a guilty plea prior to the Court expressing its concern over Petitioner's simultaneous act of entering a guilty plea while trying to set up his federal habeas claim.  (Doc. 2 at 9-17).  Petitioner has failed to demonstrate that this decision was unreasonable.

A judge's favorable or unfavorable predisposition can be characterized as bias only if "it is so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994).  Put another way, judicial remarks that are critical, disapproving of, or even hostile to, counsel, the parties or their cases, "ordinarily do not support a bias or partiality challenge" unless they reveal "deep-seated" or "unequivocal antagonism that would render fair judgment impossible." *Id.* at 555-56.  Petitioner has not demonstrated any error in the habeas court's finding that the trial court lacked such a level of bias.

Indeed, the state habeas court's factual findings are presumed to be true since Petitioner has failed to demonstrate otherwise by clear and convincing evidence.  And it is clear from the record that the trial court's concern about Petitioner's federal habeas corpus case stemmed from the fact that Petitioner

14

wanted the benefit of an innocence plea under *Alford* for a much lower sentence yet at the same time set himself up to withdraw the plea by maintaining his argument in federal court that any such favorable treatment constituted mistreatment. (Doc. 7, Attach. 10 at 34-41, 44). It is also clear from the record that the trial court did not increase Petitioner's sentence because of his federal habeas case; rather, the trial court accepted the sentence negotiated by Petitioner and the State. (*Id.* at 45-52). In short, none of these facts constitute "deep-seated" or "unequivocal antagonism" that rendered fair judgment impossible.

Moreover, although the state habeas court did not cite to *Liteky*, this Court cannot say that its decision was contrary to United States Supreme Court precedent. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (stating that the state court is not required to cite to Supreme Court precedent or even be aware of Supreme Court cases, so long as its reasoning does not contradict such precedent). Thus, Petitioner has not demonstrated that the state habeas court's decision that the trial court did not engage in judicial misconduct was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

15

proceeding." 28 U.S.C. § 2254(b); *see Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010); *Johnson v. Upton*, 615 F.3d 1318, 1329 (11th Cir. 2010).   Accordingly, Petitioner is not entitled to relief in connection with Ground Three.

B.     Non-Reviewable Claims

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court.  As the Eleventh Circuit has explained,

> [p]ursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court . . . .

*Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) (citations omitted).  Thus, a claim not previously raised in state court is procedurally defaulted when it is clear that a state court would find that it is "barred by [state] law" from considering the merits of the claim.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  A claim also is procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default.  *See Coleman v. Thompson*, 501 U.S. 722, 734-35 &n.1 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("This Court has held that where the state court correctly

16

applies a procedural default principle of state law, federal courts must abide by the state court's decision.") (quotation marks omitted)).

Under Georgia law, a ground for relief that is not raised on direct appeal generally cannot be asserted later in a state habeas petition unless the petitioner shows cause and prejudice for the failure to raise the issue on direct appeal. *Head v. Ferrell*, 554 S.E.2d 155, 160 (Ga. 2001); *Gaither v. Gibby*, 475 S.E.2d 603, 604 (Ga. 1996).  Georgia law also requires a petitioner to raise ineffective assistance of trial counsel claims at the "earliest practicable moment." *See Williams v. Moody*, 697 S.E.2d 199, 201-02 (Ga. 2010) (discussing obligation to raise ineffective assistance of trial counsel at the earliest practicable moment); *White v. Kelso*, 401 S.E.2d 733, 734 (Ga. 1991) ("New counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review" – during a motion for new trial or, if newly appointed for appeal, on direct appeal – or such claims are waived and procedurally defaulted.).

A federal habeas petitioner can overcome a procedural bar if he demonstrates either (1) cause for the default and actual prejudice, or (2) a fundamental miscarriage of justice, *i.e.*, that unless the federal court reviews the defaulted claim, the petitioner will remain incarcerated despite his actual

innocence.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986); *Owen v. Secretary for Dep't of Corr.*, 568 F.3d 894, 908 (11th Cir. 2009).  To establish cause, the petitioner must show that some objective factor external to the defense impeded his or counsel's efforts to comply with the state's procedural rule.  *Murray*, 477 U.S. at 488.  "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result would have been different" had he presented his defaulted claim. *Spencer v. Secretary, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010) (quotation marks and citations omitted).  To establish a fundamental miscarriage of justice, *i.e.*, "that constitutional error has caused the conviction of an innocent person," a petitioner must present "new, reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," which demonstrates that "it is more likely than not that no reasonable juror would have convicted him" of the underlying offenses.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Scarlett v. Secretary, Dep't of Corr.*, 404 F. App'x 394, 400 (11th Cir. 2010).  The actual innocence exception is "exceedingly narrow in scope," and the petitioner must demonstrate that he is factually innocent rather than legally innocent. *San Martin*

18

*v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (quoting *Bousely v. United States*, 523 U.S. 614, 623 (1998)).

      C.    <u>Grounds Two and Four Are Procedurally Defaulted.</u>

          1.    <u>Ground Two</u>

In Ground Two, Petitioner argues that trial counsel was ineffective for misinforming Petitioner that he was working on Petitioner's case and interviewing Petitioner's alibi witnesses, yet he never did anything. Although Petitioner raised ineffective assistance of counsel in his state habeas petition, he never raised this particular instance of ineffective assistance before the state courts.

Petitioner argues in Ground Four that the prosecution committed a *Brady* violation by failing to disclose exculpatory evidence. Petitioner raised this issue in the state habeas court as one of ineffective assistance of counsel; *i.e.*, that counsel was ineffective for failing to file a *Brady* motion for phone records.[4] Petitioner, however, never raised this issue as one for prosecutorial misconduct.

---

[4] Notably, the state habeas court found this ineffective assistance of counsel claim to be without merit since Petitioner "failed to prove the existence of phone records nor how, if some existed, those records would have changed the outcome of his case." (Doc. 6, Attach. 2 at 8).

AO 72A
(Rev.8/82)

Petitioner has not presented any facts that would demonstrate cause or prejudice, or that he is actually innocent in order to excuse the procedural default of these claims.  Thus, this Court cannot review Grounds Two or Four of the petition.

IV.    Conclusion

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the instant federal habeas petition [Doc. 1] be **DENIED** and that this action be **DISMISSED**.

V.    Certificate of Appealability ("COA")

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's

20

assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is debatable. *Miller-El v. Cockrell,* 537 U.S. 322, 366 (2003)*; Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's determination that Petitioner's grounds for relief are without merit or procedurally barred.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED** this 25th day of November, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

21