# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JERRY L. SKIPPER,<br>Inmate No. 1306774,<br>    Petitioner,<br><br>v.<br><br>BRUCE LEE,<br>    Respondent. | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254<br><br>CIVIL ACTION NO.<br>1:15-CV-1788-RWS-JSA |

## ORDER AND OPINION

The matter is before the Court on Magistrate Judge Anand's Final Report and Recommendation ("R&R") [8] and Petitioner's objections thereto [10]. Petitioner challenges his Rockdale County convictions and sentences following a guilty plea to criminal attempt to commit armed robbery, armed robbery, three counts of aggravated assault, kidnapping, and one count of theft by taking in connection with three different occasions at the same Waffle House in Rockdale County. (Doc. 1; Doc. 6, Attach. 6 at 53-58). Magistrate Judge Anand recommends that the habeas petition and a certificate of appealability be denied. (Doc. 8).

The district court must "make a *de novo* determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify [the

R&R], in whole or in part . . . ."28 U.S.C. § 636(b)(1)(C). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

Considering the briefing by the parties, the R&R found that: (1) the state habeas court's decision as to Ground One that Petitioner did not receive ineffective assistance of counsel for failing to investigate the case and present an alibi defense was entitled to deference because Petitioner did not demonstrate that counsel was, in fact, ineffective; (2) the state habeas court's decision in connection with Ground Three that the trial court did not show judicial bias also was entitled to deference, since Petitioner did not demonstrate that the trial court showed "deep-seated" or "unequivocal antagonism that would render fair judgment impossible;" and (3) Grounds Two and Four were procedurally defaulted since Petitioner never raised those claims before the state courts and did not demonstrate cause, prejudice, or that he was actually innocent. (*See generally*, Doc. 8).

Petitioner has raised the following objections: (1) in recommending denying Petitioner's claim in Ground One that counsel was ineffective for failing to

2

challenge the indictment, the R&R "completely shies away from the seriousness of Petitioner's 'faulted indictment'" as "leading an individual . . . into a plea deal on a faulty indictment is substantial error caused by failure to challenge an indictment's validity;" (2) Petitioner stated a claim for ineffective assistance of counsel for counsel's failure to call alibi witnesses, because "[e]xcluding a family or any witness under any cause is error;" (3) Petitioner demonstrated that the judge was biased against him based on the judge's comments; and (4) Petitioner did, in fact, raise the underlying claim of prosecutorial misconduct in connection with the *Brady* violation during his state habeas proceedings and not merely that counsel was ineffective for failing to raise the *Brady* issue. (Doc. 10).

Upon *de novo* review of Petitioner's claims, the Court agrees with the conclusions in the R&R. Petitioner has not overcome the deference owed the state habeas court's decision regarding counsel's failure to investigate the case and/or challenge the "faulted indictment," as even the trial court indicated that the challenge Petitioner wanted counsel to raise was not an issue that was "demurrable" under state law [Doc. 7, Attach. 10 at 43]. Nor has Petitioner's second objection convinced the Court that Magistrate Judge Anand incorrectly determined that the state habeas court's decision was reasonable that counsel was

AO 72A
(Rev.8/82)

not ineffective for failing to present an alibi defense. Indeed, the Supreme Court case to which Petitioner cites is entirely inapposite, as it involved an attorney's failure to review actual evidence that the prosecutor would use against the petitioner in his death penalty case rather than whether to present an alibi defense on behalf of the petitioner. *See generally Rompilla v. Beard*, 545 U.S. 374 (2005). Contrary to Petitioner's objections and as Magistrate Judge Anand discussed, it is clear law in this Circuit that a defense attorney's decision whether to present alibi evidence – especially from family members with a strong motive to fabricate any such alibi defense – is a matter of sound trial strategy, and this Court should not question any such strategy.[1] *See Ball v. United States*, 271 F. App'x 880, 884 (11th Cir. 2008) (holding trial counsel's decision not to call close family members was "quintessential trial strategy"); *Ojeda v. Secretary for Dep't of Corr.*, 279 F. App'x 953, 955 (11th Cir. 2008) (stating that trial counsel's decision not to call alibi witnesses was a strategic decision that the court would not question); *Sanders*

---

[1] The Court also notes that Petitioner's counsel's strategy was especially prudent where, as here, Petitioner had confessed to the crimes and there was overwhelming evidence against him. *See, e.g., Lindsey v. Smith*, 820 F.2d 1137, 1152 (11th Cir. 1987) (stating that it would have been poor strategy for the defense attorney to have pursued an alibi defense when the petitioner gave a twenty-nine page statement to the police which was inconsistent with an alibi defense).

4

*v. United States*, 314 F. App'x 212, 213 (11th Cir. 2008) (stating that whether to present certain testimonial evidence is a matter of trial strategy and complaints of uncalled witnesses generally are disfavored). Petitioner's third objection merely attempts to re-argue his claim that the judge was biased against him; however, the Court finds that Magistrate Anand's factual and legal conclusions were correct in this regard.

Finally, Petitioner's last argument that he did, in fact, raise the *Brady* issue not just as an ineffective assistance claim but also as one for prosecutorial misconduct is not as clear cut. It is true that the transcript of the second habeas hearing refers to a "*Brady* claim" that Petitioner raised during the first evidentiary hearing [*See* Doc. 6, Attach. 1 at 17],[2] but that claim is otherwise not discussed during the re-creation of the transcript of the original hearing and the state habeas court's order only analyzes Petitioner's claim as that for ineffective assistance of counsel. (*See generally* Doc. 6, Attach. 1). The fact remains that the state habeas court – the court that heard the *Brady* claim – analyzed the claim as one for

---

[2] As pointed out by Magistrate Judge Anand, the actual transcript from the original evidentiary hearing was destroyed in a fire at the court reporter's home office; thus, the second evidentiary hearing was conducted to re-create the original transcript from the parties' recollections and notes. (*See* Doc. 6, Attach. 4; Doc. 8 at 10, n.2).

5

AO 72A
(Rev.8/8
2)

ineffective assistance and found that counsel was not ineffective since Petitioner "failed to prove the existence of phone records nor how, if some existed, those records would have changed the outcome of his case." (Doc. 6, Attach. 2 at 8). Thus, even if Petitioner had raised the underlying claim that the prosecution failed to turn over the alleged incriminatory cellular telephone records, here Petitioner still has not demonstrated that any such phone records would have changed the outcome of his case. (Doc. 6, Attach. 2 at 8). To the contrary, Petitioner merely states in a conclusory manner that "the cell phone records were vital" and were "a form of favorable evidence" but provides no further factual detail to show what exactly in those records would have been favorable to his case so that they would have changed the outcome. This objection, therefore, is also without merit. In short, none of Petitioner's objections convince the Court that Magistrate Judge Anand's factual and legal conclusions in the R&R were incorrect.

AO 72A
(Rev.8/82)

For the reasons set forth above, the Court **OVERRULES** Petitioner's objections [10], **ADOPTS** the Magistrate Judge's Final Report and Recommendation [8], and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED** this 19th day of Jan, 2016.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE